# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

JEREMY C. HENLEY                                                 PETITIONER

v.                                                CIVIL ACTION NO. 5:17CV-P15-TBR

RANDY WHITE                                                   RESPONDENT

## MEMORANDUM OPINION

Petitioner Jeremy C. Henley initiated this *pro se* action by filing a document titled "Affidavit, In re Petition and Writ-Assistance in Filing-Transfer 2016 CI 51 sub nom from state to federal" (hereinafter "Affidavit") (DN 1). Although unclear as to the type of action Henley was seeking to initiate, the Clerk of Court opened the action as being brought pursuant to 28 U.S.C. § 2254 because at the end of the document, in part, Henley stated that he wished to file a "Petition and Writ of Habeas Corpus due to the fact his pending civil action . . . Preliminary Injunction and TRO is going ignored." However, he further stated in the document that he wished to transfer a certain state court case to this Court. Subsequent to filing this action, the Clerk of Court sent Henley a notice of deficiency advising him that his filing was deficient. The deficiency notice instructed Henley to file his action on the appropriate form and to pay the filing fee or file an application to proceed without prepayment of fees with a prison trust account statement.

In response to the deficiency notice, Henley sent a letter to the Clerk (DN 4). Henley failed to pay any filing fee or file an application to proceed without prepayment of fees. In the letter, Henley informed the Clerk that, due to his religion, he is not able to sign his name on any documents. He further informed the Clerk that he has a pending civil action in Lyon County Circuit Court and that he is constantly being harassed and having his legal property and religious

materials taken from him. He stated that he was convicted on one case without evidence and "induced into accepting a plea agreement" in another case. Finally, he stated that "[i]f a show cause order is set down why I haven't filed IFP and the Petition will this Court direct it unto the Warden Randy White herein @ K.S.P. in re confinscation of legal material & religious property."

Upon review of Henley's initiating Affidavit and the letter to the Clerk, it was not clear what Henley is seeking to do in this Court. Thus, on March 17, 2017, this Court entered an Order (DN 5) in which it (1) denied Henley's request to remove a state court action to this Court, to the extent he was so requesting; (2) directed Henley within 30 days of entry of the Order to file whatever action he is intending to file on the appropriate form; and (3) directed Henley within 30 days of entry of the Order to pay the appropriate filing fee for the action he files or file a prisoner application to proceed without prepayment of fees with the appropriate prison trust account statement. The Order further warned Henley that failure to comply with the Order would result in dismissal of this action. Over 30 days have passed since the entry of the Order, and Henley has not responded to the Order or taken any action in this case.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a

case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Henley has failed to comply with a straightforward Order of this Court (DN 5) or take any action in response to the Court's Order, the Court concludes that he has abandoned any interest in prosecuting this action. Therefore, the Court will dismiss the action by separate Order.

Date:


cc: Petitioner, *pro se*
4413.003

3